UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ALESHA SAVANNAH, individually and on behalf of all others similarly situated, <br><br>Plaintiff, <br><br>v. <br><br>AYVAZ PIZZA, LLC; and DOES 1 to 25, <br><br>Defendants. | Case No. <br><br>**NATIONWIDE** <br><br>**CLASS ACTION COMPLAINT** |

**NATIONWIDE CLASS ACTION COMPLAINT**

COMES NOW, Plaintiff ALESHA SAVANNAH ("Plaintiff"), on behalf of herself and all others similarly situated, and asserts as follows:

**INTRODUCTION**

1. Plaintiff, a person with a mobility disability who uses a wheelchair for mobility, brings this action individually and on behalf of all others similarly situated against Defendants, asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations. Defendants AYVAZ PIZZA, LLC; and DOES 1 to 25 (collectively, "Defendants") collectively own, lease, and/or operate approximately three hundred and fifty-two (352) Pizza Hut restaurants in the states of Florida, Georgia,

Minnesota, North Carolina, New Mexico, South Carolina, Texas, and Virginia. Plaintiff's claims arise from her own experience with excessive sloping conditions in purportedly accessible parking spaces, access aisles, and curb ramps ("Parking Area" or "Parking Areas") at places of public accommodation owned, operated, controlled, and/or leased by Defendants ("Defendants' facilities"), and from site investigations at nine (9) of Defendants' facilities also finding excessive sloping conditions.

2. Plaintiff asserts that these excessive sloping conditions persist in part as a result of Defendants' existing but inadequate internal maintenance procedure, which fails to ensure compliance with the sloping requirements of the ADA's implementing regulations.  *See* 28 C.F.R. §§ 36.101 *et seq*.

3. The ADA expressly authorizes the injunctive relief aimed at modification of **existing** policies, practices, or procedures that Plaintiff seeks in this action.  In relevant part, the ADA states:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities. … Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy…

42 U.S.C. § 12188(a)(2).

4. Based on the extensive factual investigation performed by Plaintiff's investigators, Plaintiff believes and therefore asserts that numerous additional

facilities owned, controlled, and/or operated by Defendants have Parking Areas that are, or have become, inaccessible to individuals who rely on wheelchairs for mobility due to excessive sloping, demonstrating that the Defendants' existing internal maintenance procedure (discussed at ¶¶ 19-22 below) is inadequate and must be modified.  42 U.S.C. § 12188(a)(2).

5. Plaintiff brings this action individually and on behalf of all other similarly situated wheelchair users to compel Defendants to (i) remediate all access barriers within in the Parking Areas of their facilities, and (ii) modify its existing policies to ensure that its facilities comply with the ADA implementing regulations' excessive sloping requirements.  28 C.F.R. §§ 36.101 *et seq*.

6. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

   a. Defendants remediate excessive sloping within the Parking Areas at Defendants' facilities, consistent with the ADA's implementing regulations;

   b. Defendants modify its existing maintenance policy to ensure that the excessive sloping conditions within the Parking Areas at Defendants' facilities do not reoccur; and

   c. Plaintiff's representatives shall monitor Defendants' facilities to ensure that the injunctive relief ordered pursuant to Paragraph 6.a. and 6.b. has been implemented and will remain in place.

7. Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(2) was specifically intended

to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for her or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## **PARTIES**

8. Plaintiff Alesha Savannah is, and at all times relevant hereto was, a resident of Cobb County, Georgia. Plaintiff is a person with a mobility disability. In 2018 Ms. Savannah suffered a spinal cord injury after a car accident. Ms. Savannah was paralyzed from the injuries sustained to her T10-T11 vertebrae.

9. Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

10. Defendant AYVAZ PIZZA, LLC is, and at all relevant times was a Texas limited liability company, doing business in the state of Georgia as the owner, lessee, and/or operator of dozens of Pizza Hut restaurants in this state.

11. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1 through 25, are unknown

to Plaintiff at this time. Plaintiff will amend this Complaint to assert their true names and capacities when known. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

12. Plaintiff asserts that Defendants, including DOE Defendants, and each of them at all times mentioned in this Complaint were the alter egos, affiliates, agents and/or employees and/or employers of their Co-Defendants, under shared management, ownership, and common control of each other, and part of a single Franchise Group, and in doing the things alleged in this Complaint were acting within the course of such agency, affiliation, shared management, ownership, control, and/or employment and with the permission and consent of their Co-Defendants.

13. Plaintiff is further informed and believes, and based thereon alleges that Defendants collectively own, lease, and/or operate approximately three hundred and fifty-two (352) Pizza Hut restaurants in the states of Florida, Georgia, Minnesota, North Carolina, New Mexico, South Carolina, Texas, and Virginia, as described herein.

14. Defendants' facilities are places of public accommodation as defined in 42 U.S.C. §12181(7) and are therefore subject to the requirements of the ADA.

## **FACTUAL ASSERTIONS**

### **Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities**

15. Plaintiff visited Defendants' facilities located at 5636 Fairborn Road, Douglasville, Georgia, 30134 on February 1, 2023, where she experienced unnecessary difficulty and risk of physical harm exiting and entering her vehicle, and navigating the facilities, such that extra care was needed to avoid falling and to safely traverse the area, due to excessive slopes in the purportedly accessible Parking Areas, as set forth in more detail below.

16. Despite this difficulty and risk, Plaintiff plans to return to Defendants' facilities. Plaintiff often travels through the area for many reasons. On February 1, 2023, Ms. Savannah visited Defendants' facilities on her way to visit the shopping facilities nearby. She often stops for Pizza Hut on these trips due to the convenience of the location from the highway. Ms. Savannah is often in the area as her grandmother lives nearby and she likes to stop at Defendants' facilities to pick up food for the family as she particularly enjoys the meat lover pizza with pineapple on half of it. In addition, Ms. Savannah often has to drive past Defendants' facilities at least once a month to take her dog to the groomer. Plaintiff will be visiting the area multiple times a month for the reasons stated herein. During those visits Ms.

Savannah intends to patronize Defendants' facility. Furthermore, Plaintiff intends to return to Defendants' facility to ascertain whether it remains in violation of the ADA.

17. As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use Defendants' facilities has been significantly impeded and Plaintiff will be deterred from returning to and fully and safely accessing Defendants' facilities due to the discrimination she has previously encountered there.

**Defendants Repeatedly Deny Individuals with Disabilities**

**Full and Equal Access to Defendants' Facilities**

18. As the owner and/or operator of their facilities, Defendants employ centralized policies, practices, or procedures with regard to the alteration, maintenance, and operation of their facilities.

19. Plaintiff is informed and believes, and based thereon alleges that, as a Pizza Hut franchisee pursuant to franchise agreements, Defendants utilize an Operations Manual (the "Manual") issued by the franchisor, and are required to follow all of the agreement's instructions, requirements, standards, specifications, and procedures at each of their locations, including those setting management, administration, and maintenance policies, practices, and procedures related to exterior maintenance, and in keeping the business "in compliance with all applicable laws, rules, regulations and [its] Brand Standards," including compliance with the

ADA and the architectural guidelines promulgated under the ADA. Plaintiff is further informed and believes that, pursuant to the franchise agreements, Defendants are required to remain current with restaurant buildings, parking lots, and landscaped area maintenance and/or asset upgrade obligations. Additionally, Plaintiff is informed and believes and based thereon alleges that the Pizza Hut's franchise agreements require periodic remodeling, redecoration, structural changes, and modifications to the restaurants every fifth to tenth year.

20. Plaintiff is further informed and believes and based thereon alleges that, pursuant to the franchise agreements, Defendants are required to designate a "Qualified Operator" to supervise the operation of Defendants' restaurants within designated market areas. Due to the high number of locations and geographic distances, Defendants manage compliance with their centralized policies, practices, or procedures concerning their maintenance obligations, and obligations to maintain, repair, and/or replace features within their Parking Areas, through the Qualified Operators, who supervise Area Coaches, who in turn directly supervise District Managers, and then individual restaurant managers. Plaintiff is informed and believes that collectively, these positions constitute the "Qualified Operator" charged with overseeing operations of Defendants' restaurants for compliance with Pizza Hut's policies through regular and complete inspections of Defendants' restaurants.

21. Defendants' centralized maintenance and operational policies, practices, or procedures have systematically and routinely resulted in excessive sloping conditions in the Parking Areas of Defendants' facilities, in violation of the ADA and its implementing regulations.

22. On Plaintiff's behalf, investigators examined multiple locations that Plaintiff is informed and believes are owned, controlled, and/or operated by Defendants, and found the following violations which are illustrative of the fact the Defendants' existing policies, practices, or procedures, are discriminatory, unreasonable, inadequate, and routinely result in excessive sloping conditions in the parking spaces, accessible routes and curb ramps:

   a. 5636 Fairborn Road, Douglasville, Georgia, 30134

      i. The purportedly accessible curb ramp projected into an access aisle.

   b. 2125 South Church Street, Burlington, North Carolina, 27215

      i. The purportedly accessible maneuvering clearance area adjacent to the facility entrance had slopes exceeding 2.1%.

   c. 4715 Jonesboro Road, Union City, Georgia, 30291

        i.      The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%[1].

   d.      1201 South Canal Street, Carlsbad, New Mexico, 88220

        i.      The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%[2].

   e.      602 Main Street, Lovington, New Mexico, 88260

        i.      The purportedly accessible curb ramp projected into an access aisle.

   f.      2112 North Turner Street, Hobbs, New Mexico, 88240

        i.      The purportedly accessible curb ramp projected into an access aisle;

        ii.     The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

   g.      801 19th Street, Hondo, Texas, 78861

        i.      The purportedly accessible curb ramp projected into an access aisle.

---

[1] The 2010 Standards at §§ 405.2 and 406.1 set the maximum threshold for ramp running slopes at not steeper than 1:12, i.e., 8.3%, and limit curb ramp flares to not steeper than 1:10, i.e., 10%. The 2010 Standards continued the 1991 Standards without change. *See,* Appendix D to 28 C.F.R. Part 36, § 4.7.5, §4.8.2.

[2] Pursuant to the ADAAG 2010 Standards, parking spaces or access aisles may not have slopes steeper than 1:48, i.e., 2.1%. *See,* 36 C.F.R. part 1191, § 502.4. The 2010 Standards continued the 1991 Standards without change. *See,* Appendix D to 28 C.F.R. Part 36, § 4.6.3.

    h.    607 East Hondo Avenue, Devine, Texas, 78016

        i.    The purportedly accessible curb ramp projected into an access aisle.

    i.    1749 SW Loop 410, San Antonio, Texas, 78227

        i.    The purportedly accessible curb ramp projected into an access aisle.

23.    As evidenced by the widespread excessive sloping conditions present in the Parking Areas of Defendants' facilities, absent a change in Defendants' existing procedure, excessive sloping conditions will continue to reoccur in Defendants' facilities even after they have been remediated.

## JURISDICTION AND VENUE

24.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

25.    Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

26.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## CLASS ASSERTIONS

27.    Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of herself and the following nationwide class:

All wheelchair users with qualified mobility disabilities who encountered accessibility barriers within the Parking Areas of any AYVAZ PIZZA, LLC; and DOES 1 to 25 locations in the United States.

28. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

29. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

30. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described.

31. Adequacy of Representation: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and she has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and

experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

32. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## SUBSTANTIVE VIOLATION

## VIOLATION OF THE ADA, TITLE III

### [42 U.S.C. §§ 12101, *et seq.*]

**(Against all Defendants)**

33. Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

34. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of mobility. Accordingly, she is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2).

35. Defendants own, lease, and/or operate restaurants that are places of public accommodation as defined under Title III of the ADA. 42 U.S.C. § 12181(7)(F).

36. Plaintiff is informed and believes, and based thereon asserts that Defendants' facilities were altered, designed, or constructed after the effective date of the ADA.

37. The ADA and the franchise agreements require the accessible features of Defendants' facilities, which include Parking Areas of its facilities, to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities.

38. The architectural barriers described above demonstrate that Defendants' facilities were not constructed or altered in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs in the first instance, and/or that Defendants' facilities were not maintained or operated so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

39. Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

40. Defendants' repeated and systemic failures to remove architectural barriers, to maintain the accessible features of their facilities, and/or modify its existing procedures to ensure compliance with the sloping requirements of the

ADA's implementing regulations once constructed, constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

41. Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

42. Unless Defendants are restrained from continuing its ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

43. Given that Defendants have not complied with the ADA's requirements to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes her statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for:

a. A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that (i) directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use

    wheelchairs; (ii) directs Defendants to modify its existing procedures to prevent the reoccurrence of excessive sloping conditions in the Parking Areas of its facilities post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c.     An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing her counsel as class counsel;

d.     Payment of costs of suit;

e.     Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

f.     The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: March 3, 2023

                                                  Respectfully submitted,

                                                  */s/ John T. Stembridge*
                                                  John T. Stembridge
                                                  Georgia Bar No. 678605
                                                  john@stembridgetaylor.com
                                                  Lisa D. Taylor
                                                  Georgia Bar No. 235529
                                                  lisa@stembridgetaylor.com
                                                  Molly J. Gray
                                                  Georgia Bar No. 852396
                                                  molly@stembridgetaylor.com
                                                  **Stembridge Taylor LLC**
                                                  2951 Piedmont Road, Suite 200
                                                  Atlanta, GA 30305
                                                  Telephone: 404-604-2691

Jordan T. Porter
*Pro hac vice admission to be filed*
**NYE, STIRLING, HALE, MILLER & SWEET, LLP**
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: 805-963-2345
jordan@nshmlaw.com

Benjamin J. Sweet
*Pro hac vice admission to be filed*
**NYE, STIRLING, HALE, MILLER & SWEET, LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Phone: 412-857-5352
ben@nshmlaw.com

*Attorneys for Plaintiff and the Class*